IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

DAVID CAMPBELL and
REBECCA CAMPBELL, individuals,

      Plaintiffs,

v.                                          CIVIL ACTION NO. 1:22-CV-148
                                                 (KLEEH)

KUHNLE BROTHERS, INC.,
a foreign corporation,
TARQUIN ACID, LLC,
a foreign limited liability company,
DRAKE KING, an individual,

      Defendants and Cross Claimants.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT TARQUIN ACID, LLC'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 69]**

Pending before the Court is *Defendant Tarquin Acid, LLC's Motion for Summary Judgment* [ECF No. 69]. For the reasons stated herein, Defendant Tarquin Acid, LLC's Motion is **GRANTED IN PART** and **DENIED IN PART** [ECF No. 69].

## I.   PROCEDURAL HISTORY

Plaintiffs David and Rebecca Campbell ("Plaintiffs") filed suit in the Circuit Court of Marion County, West Virginia on October 28, 2022. ECF No. 64. Defendant Tarquin Acid, LLC ("Defendant") was served with process on November 29, 2022. Id. The matter was subsequently removed to this Court on December 1, 2022 [ECF No. 1], and Defendant filed its Answer [ECF No. 5] on

Campbell v. Tarquin Acid                                    22-CV-148

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT TARQUIN ACID, LLC'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 69]**

December 14, 2022. Id. Plaintiffs amended their Complaint on March 22, 2023. ECF No. 22.

On December 1, 2023, Defendant filed *Defendant Tarquin Acid, LLC's Motion for Summary Judgment* [ECF No. 69]. Plaintiffs responded in opposition to Defendant's Motion on December 21, 2023 [ECF No. 71], and Defendant replied in support of summary judgment on January 5, 2024 [ECF No. 72]. On January 11, 2024, Defendants Drake King and Kuhnle Brothers, Inc. were dismissed as parties from this action with prejudice. ECF No. 75.

All that remain are the direct claims against Tarquin Acid for (Count 1) Common Law Negligence; (Count 2) Private Nuisance; (Count 3) Strict Liability; (Count 5) Intentional and Negligent Infliction of Emotional Distress; and (Count 6) Respondeat Superior/Vicarious Liability. The Court additionally addresses Defendant's arguments regarding damages. Thus, Tarquin Acid, LLC is the only remaining Defendant and its Motion [ECF No. 69] is fully briefed and ripe for review.

## II.  **FACTUAL BACKGROUND**

Plaintiffs David and Rebecca Campbell ("Plaintiffs" or the "Campbells") own a property located at 1654 Husky Highway, Fairmont, West Virginia. Def.'s Mem. Op. in Supp. Mot. Summ. J., ECF No. 70 at p. 1; Pls.' Resp. in Opp., ECF No. 71 at p. 2. The

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT TARQUIN ACID, LLC'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 69]**

Campbells' property is situated by US 250, also known as Husky Highway. ECF No. 70 at p. 2; ECF No. 71 at p. 3. This lawsuit arises from an incident which occurred on April 6, 2022, and its subsequent impact on the Campbells' property.

On April 6, 2022, a tank truck leaked hydrochloric acid ("HCl") on to the Campbells' property. Id. Defendant Tarquin Acid, LLC, owned the subject tanker of HCl. ECF No. 70 at p. 2; ECF No. 71 at p. 2. However, independent contractor Drake King ("King") was hauling the HCl tanker on behalf of Kuhnle Brothers, Inc. ("Kuhnle Brothers") at the time of the subject incident. Id. The HCl tanker had been in the Kuhnle Brother's possession for approximately four months – since November 23, 2021. ECF No. 70 at p. 2.

While driving on April 6, 2022, King observed smoke coming from the HCl tanker. ECF No. 70 at p. 2; ECF No. 71 at p. 3. Believing there could be a chemical leak, King pulled off Husky Highway in front of the Campbells' property. Id. Upon inspecting the HCl tanker, King observed a hole in the tanker and HCl streaming onto the ground. ECF No. 71 at p. 3. King could also smell chemical fumes. Id.

Rachel Campbell was home at the time of the HCl leak. ECF No. 71 at p. 3. She observed that a substance was spilling into

3

Campbell v. Tarquin Acid                                  22-CV-148

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT TARQUIN ACID, LLC'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 69]**

her yard, which King told her was HCI. Id. Approximately thirty minutes after the HCI spill started, the Marion County Sherriff's Department and HAZMAT team responded to the incident. Id. at p. 4. David Campbell returned home, and the Campbells were advised to evacuate the property. Id.

Kuhnle Brothers notified Tarquin Acid of the HCI leak from its tanker. Id. Following the spill, Tarquin Acid determined, through a third-party evaluator, that the HCI tanker leak was caused by a failed painting liner in the tanker. ECF No. 70 at p. 4; ECF No. 71 at p. 6. Defendant had repaired the lining in the HCI tanker nine months prior to the subject incident, upon advisement that the painting lining had failed during an annual inspection. ECF No. 70 at p. 4. The third-party evaluator, Lopez Tank Lining, LLC, opined that the previous lining repair had been poorly applied and that a rubber, hand applied lining would have been more effective for the transportation of HCI than the Dura Plate 8200 spray lining used prior to the spill. ECF No. 71 at p. 6.

Following the HCI leak, Defendant hired Specialized Professional Services, Inc. ("SPSI") to complete remediation services, including excavating, removing, and replacing the contaminated soil from the Campbells' property. ECF No. 70 at p.

4

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT TARQUIN ACID, LLC'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 69]**

4; ECF No. 71 at p. 4. SPSI determined that 1,728 gallons of HCI leaked on to the Campbells' property and required remediation of a 0.4 acres portion of the property. ECF No. 70 at p. 4. The remediation of the contaminated soil was ultimately completely effective. Id. at p. 5. However, the use of heavy equipment by SPSI or its agents during the remediation effort damaged the Campbells' septic system. Id.; ECF No. 71 at p. 5. The damage to the septic system caused sewage to overflow into the crawl space of the Campbells' home. ECF No. 71 at p. 5; Ex. D to Def.'s Mot. Summ. J., Report of Boso Forensics, ECF No. 69-4. The approximate cost to repair the remaining damages to the Campbells' home is $29,578.32. Id.

From the HCI spill until at least December 2023, Plaintiffs and their two children have lived with David's mother. ECF No. 71 at p. 7. Plaintiffs have continued to pay their monthly house mortgage, in addition to agreeing to pay one thousand dollars in rent a month. Id. at p. 8. Plaintiffs assert additional damages including utility bills, lost furniture, lost medication, lost food, and sold a vehicle for fear of contamination. Plaintiffs additionally assert medical damages and emotional distress on behalf of their children. Id.

In addition to contending that it is not liable under the

Campbell v. Tarquin Acid                                    22-CV-148

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANT TARQUIN ACID, LLC'S MOTION FOR SUMMARY JUDGMENT
[ECF NO. 69]**

independent contractor defense, Tarquin Acid additionally
contends that Plaintiffs cannot support their damages claims for
the septic tank, personal injuries, or property damage. ECF No.
70.

### III. <u>LEGAL STANDARD</u>

Summary judgment is appropriate if "there is no genuine
dispute as to any material fact and the movant is entitled to
judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant
"bears the initial responsibility of informing the district
court of the basis for its motion, and identifying those
portions of 'the pleadings, depositions, answers to
interrogatories, and admissions on file, together with the
affidavits, if any,' which it believes demonstrate the absence
of a genuine issue of material fact." <u>Celotex Corp. v. Catrett</u>,
477 U.S. 317, 323 (1986). The nonmoving party must "make a
sufficient showing on an essential element of its case with
respect to which it has the burden of proof." <u>Id.</u> at 317–18.
Summary judgment is proper "[w]here the record taken as a whole
could not lead a rational trier of fact to find for the non-
moving party, there [being] no 'genuine issue for trial.'"
<u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574,
587 (1986). The Court views the evidence in the light most

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT TARQUIN ACID, LLC'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 69]**

favorable to the non-moving party and draws any reasonable inferences in the non-moving party's favor. <u>See</u> Fed. R. Civ. P. 56(a); <u>see</u> <u>Henry v. Purnell</u>, 652 F.3d 524, 531 (4th Cir. 2011) (en banc).

## IV.  <u>DISCUSSION</u>

For the reasons that follow, Defendant's Motion for Summary Judgment is **GRANTED** as to (Count 3) Strict Liability and (Count 6) Respondeat Superior/Vicarious Liability and is **DENIED** as to (Count 1) Common Law Negligence; (Count 2) Private Nuisance; and (Count 5) Intentional and Negligent Infliction of Emotional Distress. The Court additionally addresses Defendant's arguments regarding damages.

### 1. <u>Negligence</u>

Defendant's Motion is denied as to Plaintiffs' negligence claim because the independent contractor defense does not absolve Tarquin of its own claimed negligence, and Defendant does not provide any evidence that Plaintiff failed to show an essential element of the direct negligence claim. To succeed in a claim for negligence, a plaintiff must prove, by a preponderance of the evidence, that the defendant owed a duty, the defendant breached the duty owed, and the negligent breach was the proximate cause of the injury. <u>Wheeling Park Comm'n v.</u>

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT TARQUIN ACID, LLC'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 69]**

Dattoli, 787 S.E.2d 546, 551 (W. Va. 2016). "No action for negligence will lie without a duty broken." Syl. Pt. 1, in part, Parsley v. General Motors Acceptance Corp., 280 S.E.2d 703 (W. Va. 1981). Importantly, "[t]he determination of whether a defendant . . . owes a duty to the plaintiff is not a factual question for the jury; rather the determination . . . must be rendered by the court as a matter of law." Syl. Pt. 5, Eastern Steel Constructors, Inc. v. City of Salem, 549 S.E.2d 266, 267-68 (W. Va. 2001) (citation omitted).

Importantly, a party cannot rely upon the independent contractor exception as a defense to a claim predicated on the party's direct actions. Columbia Gas Transmission LLC v. United States, 2016 WL 844834, at *4 (S.D.W. Va. Mar. 1, 2016) (denying summary judgment on negligence claim because Plaintiff's claim was not predicated upon negligent acts of independent contractors, but rather asserted that the Defendant itself acted negligently).

Plaintiffs' theory of negligence, as applied to Defendant Tarquin Acid, is that the failure of the protective liner or coating in the HCI tanker caused the HCI to leak on Plaintiffs' property. Am. Compl., ECF No. 22. Defendant contends it cannot be held liable for negligence in this case because Tarquin Acid

Campbell v. Tarquin Acid                              22-CV-148

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT TARQUIN ACID, LLC'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 69]**

was not in possession of the HCI tanker at the time of the incident and did not exercise control over Drake King by directing his actions or supervising his work. ECF No. 70 at P. 7. Thus, Defendant contends it is entitled to summary judgment on all claims pursuant to the independent contractor defense. In contrast, Plaintiffs argue that the independent contractor defense does not apply to the direct claims against Tarquin Acid and cannot shield Defendant from its own negligence. ECF No. 70 at pp. 9-12.

The Court agrees with Plaintiffs that the independent contractor defense is irrelevant to the claims relating to Defendant's direct conduct. Plaintiffs' negligence claim against Tarquin Acid relates to Tarquin Acid's own conduct in selecting a tank lining when repairing the tanker in November 2021. Defendant does not dispute that the HCI leak was caused by a failure of the paint lining in the subject tanker. ECF No. 70 at p. 4 ("After the spill, Tarquin determined that the leak was caused by the work of a paint liner company 9 months earlier."). Defendant does not argue that the HCI tanker was out of its possession or control in November 2021.

Moreover, Defendants do not offer any argument that Plaintiffs failed to present evidence as to any essential

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT TARQUIN ACID, LLC'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 69]**

element of negligence. The record contains sufficient evidence to go before a jury on the issue of negligence and to determine whether the failed lining constitutes a breach of Tarquin's duty. Thus, Defendant's Motion as to the negligence claim is **DENIED.**

## 2. <u>Private Nuisance</u>

As with the negligence claim, Defendant's Motion is denied as to the private nuisance claim because the independent contractor exception does not absolve Defendant of its direct conduct, and Defendant does not readily dispute that the HCI leak constitutes a private nuisance. A private nuisance is "a substantial and unreasonable interference with the private use and enjoyment of another's land." <u>CSX Transportation, Inc. v. Caloccia et al.</u>, 2021 WL 3612275, at *3 (N.D.W. Va. Aug. 13, 2021) (quoting <u>Rhodes v. E.I. du Pont de Nemours and Co.</u>, 657 F.Supp.2d 751, 767 (S.D.W. Va. 2009) (internal citation omitted)).

Private nuisance "includes conduct that is intentional and unreasonable, negligent or reckless, or that results in [] abnormally dangerous conditions or activities in an inappropriate place." <u>Yoho v. Sw. Energy Co.</u>, 688 F. Supp. 3d 345, 354 (N.D.W. Va. 2023) (quoting <u>Hendricks v. Stalnaker</u>, 380

Campbell v. Tarquin Acid                                    22-CV-148

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT TARQUIN ACID, LLC'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 69]**

S.E.2d 198, 200 (W. Va. 1989). "For an interference to qualify as 'substantial,' the interference must amount to a 'real and appreciable invasion of the plaintiff's interests,' which means 'more than slight inconvenience or petty annoyance.'" Courtland Co., Inc. v. Union Carbide Corp., 2023 WL 6331069, at *108-09 (S.D.W. Va. Sept. 28, 2023) (quoting Carter v. Monsanto Co., 575 S.E.2d 342, 347 (W. Va. 2002) (citing Restatement (Second) of Torts § 821F(c) (1979))). "An interference with the private use and enjoyment of another's land is unreasonable when the gravity of the harm outweighs the social value of the activity alleged to cause the harm." Syl. Pt. 2, Hendricks, 380 S.E.2d at 199.

Again, Defendant's only argument against the private nuisance claim is the independent contractor theory. This argument is without merit because the alleged negligent or reckless conduct underlying that alleged substantial and unreasonable interference to the Campbells' property was Defendant's conduct in maintaining and repairing the HCl tanker in November 2021. The record contains evidence of an interference - 1,728 gallons of HCl leaked on to the Campbells' property – and evidence of the damages and consequences of said leak. Thus, sufficient evidence exists to go to the jury to determine whether the HCl spill constituted a substantial and

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT TARQUIN ACID, LLC'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 69]**

unreasonable interference and Defendant's Motion as to the private nuisance claim is **DENIED**.

### 3. <u>Strict Liability</u>

Defendant's Motion as to the strict liability claim is granted because transporting hydrochloric acid ("HCI") is not an abnormally dangerous activity. "The West Virginia Supreme Court of Appeals has stated that [w]here a person chooses to use an abnormally dangerous instrumentality he is strictly liable without a showing of negligence for any injury proximately caused by that instrumentality." <u>Furnas v. Appalachian Power Co.</u>, 2023 WL 2871660, at *3 (S.D.W. Va. Apr. 10, 2023) (quoting <u>Peneschi v. Nat'l Steel Corp.</u>, 295 S.E.2d 1, 5 (W. Va. 1982).

> In determining whether an activity is abnormally dangerous so as to make a defendant strictly liable for damages caused by the activity, the following factors are to be considered:
>
> (a) existence of a high degree of risk of some harm to the person, land or chattels of others;
>
> (b) likelihood that the harm that results from it will be great;
>
> (c) inability to eliminate the risk by the exercise of reasonable care;
>
> (d) extent to which the activity is not a matter of common usage;

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT TARQUIN ACID, LLC'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 69]**

> (e) inappropriateness of the activity to the place where it is carried on; and

> (f) extent to which its value to the community is outweighed by its dangerous attributes.

Pinnacle Min. Co., LLC v. Bluestone Coal Corp., 624 F. Supp. 2d 530, 537 (S.D.W. Va. 2009) (quoting In re: Flood Litigation, 607 S.E.2d 863, 874 (W. Va. 2004) (citing Restatement (Second) of Torts §§ 519-20 (1977))).

No court in West Virginia has held that the transportation of HCl is an abnormally dangerous activity, subject to strict liability. However, West Virginia courts have found that the transportation of natural gas is not an abnormally dangerous activity. Lovejoy v. Jackson Res. Co., 2021 WL 3025454, at *9 (S.D.W. Va. July 16, 2021); Foster v. City of Keyser, 501 S.E.2d 165, 175 (W. Va. 1997).

Additionally, several courts around the country have ruled that transporting chemicals is not abnormally dangerous. See e.g., E.S. Robbins Corp. v. Eastman Chem. Co., 912 F. Supp. 1476, 1489 (N.D. Ala. 1995) (finding the transportation and delivery of the chemical product did not constitute an abnormally dangerous activity); Toledo v. Van Waters & Rogers, Inc., 92 F. Supp. 2d 44, 55-56 (D.R.I. 2000) ("The transportation of the chemicals here was not by itself an ultra-

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT TARQUIN ACID, LLC'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 69]**

hazardous activity. Plaintiff confuses the dangerous nature of the chemicals with the activity of transporting the chemicals.");! Indiana Harbor Belt Railroad Co. v. American Cyanamid Co._, 916 F.2d 1174, 1180-81 (7th Cir. 1990) (holding that the shipping of toxic chemicals is not an ultra-hazardous activity because the dangers of shipping acrylonitrile could be avoided by using reasonable care); Amcast Indus. Corp. v. Detrex Corp._, 779 F.Supp. 1519, 1544 (N.D.Ind.1991), aff'd in part, rev'd in part_, 2 F.3d 746 (7th Cir. 1993)(holding that transportation and delivery of hazardous substances is not abnormally dangerous activity).

Defendant argues that the strict liability claim should be dismissed because the shipment of hazardous chemicals using carrier trucks is not an abnormally dangerous activity. ECF No. 70 at p. 10. Plaintiffs meanwhile contend that strict liability should apply because HCI is a hazardous material under the Hazardous Material Transportation Act; is dangerous to people if exposed; and the Restatement factors support such a finding. ECF No. 71 at pp. 13-15.

The Court declines to find that the transportation of HCI constitutes an abnormally dangerous activity. First, no court in West Virginia has previously found the transportation of a

14

Campbell v. Tarquin Acid                                    22-CV-148

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANT TARQUIN ACID, LLC'S MOTION FOR SUMMARY JUDGMENT
[ECF NO. 69]**

chemical to qualify as abnormally dangerous. But several courts who have addressed similar questions have found the activity is not abnormally dangerous. See E.S. Robbins Corp., 912 F. Supp. at 1489; Toledo, 92 F. Supp. 2d at 55–56; Indiana Harbor Belt Railroad Co., 916 F.2d at 1180–81; Amcast Indus. Corp., 779 F.Supp. at 1544.

While there is certainly a high degree of risk associated with the transportation of chemicals, such as HCl, this factor is insufficient. Importantly, there are certainly ways to eliminate the risk of a chemical spill from a tanker through reasonable care. For example, Defendant's third-party expert from Lopez Tank Lining, LLC acknowledged that a rubber, hand applied lining could have been applied to the HCl tanker instead of the spray lining used. ECF No. 71 at p. 6. This supports that there are possible ways to ensure safe transport. Additionally, transporting HCl or similar chemicals is not so unique an activity to warrant this designation; the HCl tanker was traveling on a highway at the time of the incident, which would be an appropriate place for such transportation; and hydrochloric acid is commonly used for a variety of industrial and commercial applications. Accordingly, the transportation of

Campbell v. Tarquin Acid                                    22-CV-148

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT TARQUIN ACID, LLC'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 69]**

HCI is not an abnormally dangerous activity and Defendant's Motion is **GRANTED** as to the strict liability claim.

### 4. <u>Intentional and Negligent Infliction of Emotional Distress</u>

Defendant's Motion as to the intentional infliction of emotional distress claim is denied because the independent contractor exception does not absolve Defendant of its direct conduct, and a dispute of material fact exists as to whether Plaintiffs suffered emotional distress.

A plaintiff must establish the following elements to prevail on a claim of intentional infliction of emotional distress ("IIED"):

> (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency;

> (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct;

> (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and

> (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANT TARQUIN ACID, LLC'S MOTION FOR SUMMARY JUDGMENT
[ECF NO. 69]**

---

Syl. Pt. 3, <u>Travis v. Alcon Lab'ys, Inc.</u>, 504 S.E.2d 419 (W. Va. 1998). The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." <u>Harless v. First Nat. Bank in Fairmont</u>, 289 S.E.2d 692, 705 (W. Va. 1982). "Whether conduct may reasonably be considered outrageous is a legal question..." <u>O'Dell v. Stegall</u>, 703 S.E.2d 561, 594 (W. Va. 2010) (quoting Syl. Pt. 4, <u>Travis</u>, 504 S.E.2d 419).

The standard for proving such a claim is very high, and "conduct that is merely annoying, harmful of one's rights or expectations, uncivil, mean-spirited, or negligent does not constitute outrageous conduct. On the other hand, outrageous conduct can include physical violence that causes bodily harm and emotional distress." <u>Courtney v. Courtney</u>, 413 S.E.2d 418, 423-24 (W. Va. 1991).

Likewise, "to prove negligent infliction of emotional distress, a plaintiff is required to show (1) that the defendant engaged in negligent conduct; (2) that the plaintiff suffered serious emotional distress; and (3) that the defendant's negligent conduct was a cause of the serious emotional distress." <u>Mowery v. Logan Cnty. Bd. of Educ.</u>, 2012 WL 895921,

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT TARQUIN ACID, LLC'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 69]**

at *6 (S.D.W. Va. Mar. 15, 2012). "A claim for emotional distress without an accompanying physical injury can only be successfully maintained upon a showing by the plaintiffs in such an action of facts sufficient to guarantee that the claim is not spurious and upon a showing that the emotional distress is undoubtedly real and serious." Syl. Pt. 5, Barbina v. Curry, 650 S.E.2d 140, 143 (W. Va. 2007); Syl. Pt. 11, Marlin v. Bill Rich Construction, Inc., 482 S.E.2d 620 (W. Va. 1996). The Supreme Court of Appeals of West Virginia has stated that "cases will obviously be infrequent in which 'mental disturbance,' not so severe as to cause physical harm, will clearly be a serious wrong worthy of redress and sufficiently attested by the circumstances of the case." Barbina, 650 S.E.2d at 147 (quoting Ricottilli v. Summersville Mem'l Hosp., 425 S.E.2d 629, 635 (W. Va. 1992)).

Again, Defendant's incorrectly rely upon the independent contractor defense, which cannot shield against liability for its own conduct. Plaintiffs have put forth evidence that they and their children have suffered emotionally due to the HCl spill. For example, Rachel Campbell testified that the loss of their home led to their children experiencing separation anxiety and that the family does not know if they could ever feel safe

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT TARQUIN ACID, LLC'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 69]**

living in the subject home again. R. Campbell Dep., Ex. F to Def.'s Mot. Summ. J., ECF No. 69-6 at pp. 17-18. Rachel also testified that she and David were both under stress due to the spill [Id. at p. 17] and that the medical side effects from HCI exposure scare her [Id. at p. 25]. Viewing the facts in the light most favorable to the Plaintiffs, Defendant has failed to prove there is no dispute as to any material fact regarding this claim and Defendant's Motion as to the emotional distress claim is **DENIED**.

## 5. Respondeat Superior/Vicarious Liability

Defendant's Motion is granted as to the respondeat superior/vicarious liability claim because the independent contractor exception applies to the actions of Kuhnle Brothers and/or Drake King. Importantly, Plaintiffs contend that the only remaining claims are those in which Defendant is "*directly* responsible for the Campbells' damages." ECF No. 71 at p. 2. Thus, there is no claim for vicarious liability as a matter of law.

"In essence, the doctrine of respondeat superior imposes liability on an employer 'for the negligent acts of an employee committed while the employee was acting within the scope [of employment].'" Gasper v. Swick & Son Maint. Specialists, Inc.,

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT TARQUIN ACID, LLC'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 69]**

2021 WL 1680475, at *5 (N.D.W. Va. Apr. 28, 2021) (quoting Dunn v. Rockwell, 689 S.E.2d 255, 274 (W. Va. 2009)). However, "the employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servant." France v. S. Equip. Co., 689 S.E.2d 1, 7 (W. Va. 2010) (quoting Peneschi, 295 S.E.2d at 11).

"One who would defend against tort liability by contending that the injuries were inflicted by an independent contractor has the burden of establishing that he neither controlled nor had the right to control the work . . . ." Syl. Pt. 6 in part, Cunningham v. Herbert J. Thomas Mem'l Hosp. Ass'n, 737 S.E.2d 270, 273 (W. Va. 2012) (quoting Syl. Pt. 1, Sanders v. Georgia-Pacific Corp., 225 S.E.2d 218 (W. Va. 1976)).

> There are four general factors which bear upon whether a master-servant relationship exists for purposes of the doctrine of respondeat superior: (1) Selection and engagement of the servant; (2) Payment of compensation; (3) Power of dismissal; and (4) Power of control. The first three factors are not essential to the existence of the relationship; the fourth, the power of control, is determinative." Syllabus point 5, Paxton v. Crabtree, 184 W.Va. 237, 400 S.E.2d 245 (1990).

Syl. Pt. 7, Cunningham, 737 S.E.2d at 273. "[T]he power to control the outcome of the contract [i]s insufficient to create an employer-employee relationship. Instead, it is the power over

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT TARQUIN ACID, LLC'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 69]**

the process, not just the outcome, that demonstrates the essential feature of control such that a master-servant relationship exists. Edwards v. McElliotts Trucking, LLC, 268 F. Supp. 3d 867, 873 (S.D.W. Va. 2017).

There is no dispute that Drake King was not an agent or employee of Tarquin Acid. ECF No. 70 at p. 2 ("At the time of the HCI release, Drake King was self-employed and working for Kuhnle Brothers under an independent contractor arrangement."); ECF No. 71 at p. 2 ("Tarquin Acid seeks refuge in the "independent contractor defense," arguing that it is not responsible for the actions of either Kuhnle Brothers or Mr. King. For the sake of this Response, the Campbells agree. . ."). Accordingly, Defendant's Motion as to the Respondeat Superior/ strict liability claim is **GRANTED**.

### 6. Damages

Defendant's Motion for Summary Judgment as it pertains to damages is granted in part and denied in part. "Generally, a tort plaintiff is entitled to all damages proximately caused by a wrongdoer's actions." Cook v. Cook, 607 S.E.2d 459, 462 (W. Va. 2004). "The general rule with regard to proof of damages is that such proof cannot be sustained by mere speculation or conjecture." Turner v. Speedway LLC, 2015 WL 4392398, at *10

21

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANT TARQUIN ACID, LLC'S MOTION FOR SUMMARY JUDGMENT
[ECF NO. 69]**

(S.D.W. Va. July 15, 2015) (quoting Syl. Pt. 1, <u>Spencer v.
Steinbrecher</u>, 164 S.E.2d 710 (W. Va. 1968)). "To ward against
speculative, abstract or purely theoretical claims, the trial
court bears the responsibility for examining the evidence in
each case in order to withhold ... flawed claims from jury
consideration." <u>Cook</u>, 607 S.E.2d at 466.

"The Supreme Court of Appeals of West Virginia has stated
that '[t]he permanency or future effect of any injury must be
proven with reasonable certainty in order to permit a jury to
award an injured party future damages.'" <u>Billings v. Lowe's Home
Centers, LLC</u>, 2019 WL 1869936, at *4 (S.D.W. Va. Apr. 24, 2019)
(quoting Syl. Pt. 1, <u>Adkins v. Foster</u>, 421 S.E.2d 271 (W. Va.
1992)).

> Where an injury is of such a character as to
> be obvious, the effects of which are
> reasonably common knowledge, it is competent
> to prove future damages either by lay
> testimony from the injured party or others
> who have viewed his injuries, or by expert
> testimony, or from both lay and expert
> testimony, so long as the proof adduced
> thereby is to a degree of reasonable
> certainty. But where the injury is obscure,
> that is, the effects of which are not
> readily ascertainable, demonstrable or
> subject of common knowledge, mere subjective
> testimony of the injured party or other lay
> witnesses does not provide sufficient proof;
> medical or other expert opinion testimony is
> required to establish the future effects of

22

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT TARQUIN ACID, LLC'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 69]**

> an obscure injury to a degree of reasonable certainty.

Syl. Pt. 11, Jordan v. Bero, 210 S.E.2d 618, 623 (W. Va. 1974). Furthermore, "[p]roof of future medical expenses is insufficient as a matter of law in the absence of any evidence as to the necessity and cost of such future medical treatment." Id. at Syl. Pt. 16. "An opinion about the necessity of future medical treatment, and the concomitant cost of such, cannot be offered without scientific or technical training or other specialized knowledge and thus falls into the realm of expert testimony." Turner, 2015 WL 4392398, at *11.

### A. Future Medical or Permanent Injury Damages

Defendant's Motion is granted to the extent it seeks to limit Plaintiffs from claiming future medical or permanent injury damages which are not supported by competent evidence. Defendant argues that Plaintiffs have not provided any medical reports showing permanent injuries or that future medical treatment is necessary. ECF No. 70 at p. 12. Additionally, Plaintiffs do not cite to any medical opinions or experts that believe the Plaintiffs are suffering from permanent physical injuries or mental impairments from the HCI spill. ECF No. 72 at p. 7. Plaintiffs do not provide any argument to the contrary, instead focusing on other claimed compensatory damages.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT TARQUIN ACID, LLC'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 69]**

Accordingly, Defendant's Motion is **GRANTED** to the extent it seeks to preclude Plaintiffs from claiming future medical damages and permanent injuries which are not supported by competent medical evidence.

### B. Permanent Property Damage and Diminished Property Value

Defendant's Motion as it pertains to permanent property damage and diminished property value is granted. Defendant asserts that Plaintiffs have not identified an industrial hygienist to offer evidence of damages to the subject property and Plaintiffs' vehicle. ECF No. 72 at p. 11. Specifically, Defendant contends that Plaintiffs have not disclosed an expert witness to testify that HCI ever permeated into the home or cars to cause permanent damage. ECF No. 70 at p. 12. While Plaintiffs testified as to the damages to their property, its loss of use, and other consequences from the HCI spill, they cannot offer a competent opinion on the diminished property value or the permanence of the alleged damages without an expert. HCI damage and its long-term effects on a property are not within common knowledge. Thus, Defendant's Motion is **GRANTED** as it pertains to permanent property damage and diminished property value. This ruling does not prohibit Plaintiffs from testifying as to past and present property damages allegedly caused by the HCI spill.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT TARQUIN ACID, LLC'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 69]**

### C. Septic System Damages

Defendant's Motion as it pertains to the septic system damage is denied because the damage could reasonably flow from the HCI spill. "A tortfeasor whose negligence is a 'substantial factor in bringing about injuries is not relieved from liability by the intervening acts of third persons if those acts were reasonably foreseeable by the original tortfeasor at the time of his negligent conduct.'" Post v. Amerisourcebergen Corp., 2020 WL 6438349, at *6 (N.D.W. Va. Nov. 2, 2020) (citing Syl. Pt. 13, Anderson v. Moulder, 394 S.E.2d 61 (W. Va. 1990); Syl. Pt. 15, Marcus v. Staubs, 736 S.E.2d 360 (W. Va. 2012)).

Defendant argues it cannot be held liable for the damage to the Campbells' property, specifically the sewage system because the damage was caused by an intervening cause. ECF No. 70 at p. 15. Specifically, Defendant contends that the alleged damage to the home's septic system was caused by heavy equipment used during the remediation process by SPSI or one of its agents. Id. Thus, Tarquin Acid asserts that the chain of causation from the HCI spill was broken because it is not foreseeable that a "reputable remediation company" would damage the Plaintiffs' septic system. Id. at p. 16. In contrast, Plaintiffs assert that they have testified as to the damages to the septic system

Campbell v. Tarquin Acid                                    22-CV-148

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT TARQUIN ACID, LLC'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 69]**

following the HCI spill and the fact that they have not been able to live in their home. ECF No. 71 at p. 16.

The Court finds that the septic system damage reasonably flows from the HCI spill, and the cost of the damage is reasonably certain. The parties do not dispute that heavy equipment damaged the septic system. Despite Defendant's contention to the contrary, the actions of SPSI or its agents during remediation are insufficient to break the chain of causation. But for the faulty liner in the HCI tanker, there would have been no need to remediate the Campbells' property. Tarquin Acid retained SPSI for the remediation. Taking the facts in the light most reasonable to Plaintiffs, a jury could find it reasonably foreseeable that property damage could occur during remediation from the HCI spill and that the faulty liner was a substantial factor in damaging the septic tank. Furthermore, damage to the septic tank is not so abnormal to break the chain of causation. Thus, Plaintiffs are permitted to present evidence of the septic tank damages to the jury and Defendant's Motion is **DENIED** on this point.

### V.    <u>CONCLUSION</u>

In conclusion, Defendant's Motion for Summary Judgment is **GRANTED** as to (Count 3) Strict Liability and (Count 6)

Campbell v. Tarquin Acid                                    22-CV-148

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT TARQUIN ACID, LLC'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 69]**

Respondeat Superior/Vicarious Liability and is **DENIED** as to (Count 1) Common Law Negligence; (Count 2) Private Nuisance; and (Count 5) Intentional and Negligent Infliction of Emotional Distress. Regarding Plaintiffs' claimed damages, Defendant's Motion is **GRANTED** to the extent it seeks to preclude Plaintiffs from claiming (1) future medical damages and permanent injuries which are not supported by competent medical evidence and (2) permanent property damage and diminished property value. Defendant's Motion as to the septic tank damages is **DENIED.**

Counts 3 and 6 of Plaintiffs' Amended complaint [ECF No. 22] are **DISMISSED WITH PREJUDICE.**

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record by the CM/ECF system.

**DATED:** September 17, 2024

Tom S Kleeh
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA